## ANDERSON *v.* REID.

---

APPELLATE PRACTICE; RES JUDICATA.

1. The effect, as *res judicata*, of a decree dismissing a bill in equity, may be determined by an examination of the opinion of this court in accordance with which the decree was entered; *following* Cummings v. Baker, *ante,* p. 1.
2. Where a bill in equity by a defeated defendant in ejectment to recover the value of improvements which he claimed to have erected on the land in good faith, as a *bona fide* purchaser, is

dismissed upon the ground that equity has no jurisdiction to grant such relief, such dismissal will not estop him from claiming in a subsequent action at law by the plaintiff in ejectment for *mesne* profits, that he was a *bona fide* purchaser and had erected the improvements in good faith, even though in the opinion directing a dismissal of the equity suit it was stated that the complainant would have no right on the merits as shown by the evidence in that case.

No. 921. Submitted October 20, 1899. Decided February 7, 1900.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia upon a verdict in an action of ejectment.   *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Franklin H. Mackey* for the appellant :

The defendant was clearly estopped by the findings in *Anderson* v. *Reid*, 14 App. D. C. 54, to show that he was a *bona fide* purchaser and improver of the property in question.   In its review of the testimony the court considered all the facts and judicially determined that Reid was a *mala fide* purchaser and had not been misled by any conduct of Anderson's.   *Railroad Co.* v. *United States*, 168 U. S. 1 ; *Almy* v. *Daniels*, 15 R. I. 312; *Laing* v. *Regrey*, 160 U. S. 531; *United States* v. *Arredondo*, 6 Pet. 709 ; *Voorhees* v. *Bank*, 10 Pet. 449 ; *Elliott* v. *Piersol*, 1 Pet. 340 ; *Pullon* v. *Kensinger*, 2 Abb. C. C. 94; *Le Roy* v. *Clayton*, 2 Sawyer, 493; *Ex parte Watkins*, 3 Pet. 203, and 7 Pet. 572.

*Mr. Andrew B. Duvall* for the appellee :

The decree of this court in *Anderson* v. *Reid*, 14 App. D. C. 54, directing the dismissal of the bill in that case because the court below was without jurisdiction to entertain the suit, did not estop the defendant from showing in the present action that he made the improvements in good faith. *Smith* v. *McNeal*, 109 U. S. 429; *Durant* v. *Essex Co.*, 7 Wall. 107 ; *Phelps* v. *Harris*, 101 U. S. 370; Story Eq. Pl., Par. 791, 793, notes.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is the fourth time that the parties to this action have been before this court on appeals from judgments and decrees involving the title and possession, and demands and equities arising out of the possession, of the same property; and it is to the public interest that there should, if possible, be an end of the litigation.

After some years of litigation in both the special and general terms of the Supreme Court of the District, the first appeal was brought to this court by Richard P. Anderson, the defeated plaintiff in an action of ejectment. The judgment was reversed and the cause remanded for a new trial. 10 App. D. C. 426.

On the next trial Anderson recovered judgment for the possession of the premises, from which John Reid appealed, and this was affirmed on appeal. 13 App. D. C. 30.

The declaration in that action contained a count for *mesne* profits and rents, which was on the trial withdrawn.

Pending that appeal, Reid filed a bill in equity against Anderson, in which he alleged a long and peaceable possession under purchase made in good faith, and the erection, during that possession, of valuable permanent improvements in good faith and without notice of any adverse claim. He prayed a decree assessing the value of said improvements, and the establishment thereof as an equitable lien upon the premises. A demurrer to the bill was overruled, and the cause was referred to the auditor to take an account of improvements, rents, etc.

From this decree a special appeal was allowed by this court, as a result of which the cause was remanded to the Supreme Court of the District of Columbia with direction to dismiss the bill. 14 App. D. C. 54.

In the meantime, the present action had been begun by Anderson, who, alleging his former recovery of the possession, prayed judgment for the rents, issues and profits of

the premises for the five years next preceding, which were estimated at $2,500.

After proof of the value of the occupation, plaintiff read in evidence the final decree in the equity suit aforesaid. Defendant was then permitted to give evidence tending to show purchase and improvement in good faith. This evidence was objected to by plaintiff on the ground that the defendant was estopped by the decree of the court in said equity cause to claim that he was a *bona fide* purchaser of the property and had erected improvements in good faith.

Plaintiff appeals from a judgment in his favor for $168.35; and the sole question involved is the effect of that decree as an estoppel in this case.

The opinion in an analogous case, immediately before this decided, discusses, and the decision settles the principles which must be applied in the determination of the question presented here. *Cummings* v. *Baker, ante*, p. 1.

Holding in that case that the effect, as *res judicata*, of a decree dismissing a bill in equity may be determined by an examination of the opinion of the Supreme Court of the United States, in accordance with which it had been entered, we must, for a stronger reason, look to our own opinion for the same purpose. Besides, it is required by the tenth section of the act creating this court that its opinion "in every case shall be rendered in writing, and shall be filed in such case as a part of the record thereof."

Looking to that opinion, it must be admitted that the merits involved in Reid's claim of possession in good faith were discussed at length. That discussion concluded as follows: "We can not think, therefore, that the appellee can, with any propriety, be regarded as a purchaser in good faith; and if he is not a purchaser in good faith, he can not, of course, have the intervention of equity in his behalf." 14 App. D. C. 69.

Had the opinion stopped here and ordered the bill to be

dismissed, the question would, undoubtedly, have become *res judicata.* But the court proceeded to examine the question, whether a court of equity could take jurisdiction at all of a bill by a purchaser in perfect good faith even, after having been ejected by action at law?

After considering the question in the light of many authorities, the conclusion was against the jurisdiction. It was said in the opinion that the liberal rule of the civil law in such cases "has not been adopted in our jurisprudence except in three cases: (1) At common law or in equity, where it is sought to recover *mesne* profits, in which case the occupant in good faith may recoup the value of his improvements to the extent of the rents and profits sought to be recovered; (2) When the true owner comes into equity to enforce his title, in which case he is required to do equity also by the allowance of the value of the improvements; and (3) Where there has been fraud, or something in the nature of fraudulent inducement, on the part of the true owner, whereby the occupant in good faith has been misled to his detriment. Only in this last case, it seems, can the occupant in good faith maintain a bill in equity against the true and lawful owner for the value of his improvements." 14 App. D. C. 75, 76.

The case of the complainant not coming within any one of the exceptions, it was clear, no matter what the justice of his claim might be, that equity could exercise no jurisdiction for his relief. In this connection it is instructive to note the concluding words of the opinion: "It is greatly to be hoped that legislation will soon remedy the hardship and manifest injustice incidental to cases like the present; but, in view of what we have said, we must regard ourselves as powerless to apply the remedy. We are therefore constrained to reverse the order appealed from, and to remand the cause, with directions to dismiss the bill."

Now, pending this bill, the defendant therein, Anderson, began this suit for *mesne* profits. This demand opened up

the right of Reid to set off his claim for improvements under the first exception above noted.

By the dismissal of his bill, has that claim been rendered *res judicata?* We think not. Notwithstanding the fact that the court did express the opinion that he would have no right on the merits as shown by the evidence in that case, the actual decision was that the bill would not lie; that it did not show a case within the jurisdiction of equity, wherein the rights of the parties could be determined.

The question as presented falls within the rule declared by the Supreme Court of the United States in *Phelps* v. *Harris,* 101 U. S. 370, and recognized in other cases relied on in *Cummings* v. *Baker, supra.*

The record does not recite the evidence upon which the issue of good faith was submitted to the jury. Doubtless it was stronger than that contained in the equity case; but, at any rate, it must be presumed that it was sufficient in law to warrant submission to the jury. No other error, than the one considered, has been assigned.

It follows that the judgment must be affirmed, with costs; and it is so ordered.                              *Affirmed.*